Case 16-01527-SLM    Doc 19    Filed 05/21/18    Entered 05/21/18 17:25:11    Desc Main
Document      Page 1 of 20

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>GURBIR S. GREWAL<br>ATTORNEY GENERAL OF NJ<br>Russell M. Smith, Jr. Deputy Attorney General<br>124 Halsey Street, 5th Floor<br>Newark, New Jersey 07101 | <br><br>Case No.:   16-14758-SLM<br><br>Adv. No.:   16-01527-SLM<br><br>**Order Filed on May 21, 2018 by Clerk, U.S. Bankruptcy Court - District of New Jersey** |
| In Re:<br>Scott Cowan<br>Debtor | Hearing Date:   N/A<br>Judge:   Hon. Stacey L. Miesel |
| GURBIR S. GREWAL, Attorney General of the State of New Jersey, and KEVIN R. JESPERSEN, Acting Director of the New Jersey Division of Consumer Affairs,<br><br>            Plaintiff(s)<br>v.<br> Scott P. Cowan,<br><br>            Defendant(s) | |

**FINAL CONSENT JUDGMENT**

The relief set forth on the following pages, numbered two (2) through (17) is **ORDERED**.

**DATED: May 21, 2018**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Division of Law
124 Halsey Street- 5th Floor
P.O. Box 45029
Newark, New Jersey 07101
Attorney for Plaintiffs

By:   Russell M. Smith, Jr. (014202012)
       Deputy Attorney General
       (973) 877-1280

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

In Re: Scott Cowan
       Debtor

| | |
|---|---|
| GURBIR S. GREWAL, Attorney General of the State of New Jersey, and SHARON M. JOYCE, Acting Director of the New Jersey Division of Consumer Affairs,<br><br>                           Plaintiffs,<br><br>v.<br><br>SCOTT COWAN,<br><br>                           Defendant. | Case No. 16-14758-SLM<br>Adv. Pro. No. 16-01527-SLM<br><br>Chapter 7<br><br>**FINAL CONSENT JUDGMENT** |

**WHEREAS** the parties to this Action and Final Consent Judgment ("Consent Judgment") are plaintiffs Gurbir S. Grewal, Attorney General of the State of New Jersey, Sharon M. Joyce, Acting Director of the New Jersey Division of Consumer Affairs (collectively, "Plaintiffs"),[1] and defendant Scott Cowan ("Cowan" or "Defendant");

---

[1] In accordance with R. 4:34-4, the caption has been revised to reflect the current Attorney General and Acting Director.

**WHEREAS** on June 17, 2016, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. OCN-139-16 ("State Action"), on July 11, 2016, Plaintiffs filed an Amended Complaint, on October 13, 2016, Plaintiffs filed a Second Amended Complaint, and on January 27, 2017, Plaintiffs filed a Third Amended Complaint against Cowan, The Price Home Group Limited Liability Company, and Jonathan Price (collectively, "Defendants");

**WHEREAS** in the State Action, Plaintiffs alleged, among other things, that Defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("CFA"), the Contractors' Registration Act, N.J.S.A. 56:8-136 et seq., and the regulations promulgated thereunder, specifically the Regulations Governing Home Elevation Contractors, N.J.A.C. 13:45A-17A.1 et seq. ("Home Elevation Regulations"), the Regulations Governing Home Improvement Practices, N.J.A.C. 13:45A-16.1 et seq. ("Home Improvement Regulations"), and the Regulations Governing General Advertising, N.J.A.C. 13:45A-9.1 et seq. ("Advertising Regulations"), in connection with their Advertisement, offer for Sale, Sale and performance of Home Elevations, construction of new dwellings and installation of modular homes to Consumers in New Jersey, among other things, through their failure to: (1) include required information in Home Elevation Contracts (e.g., the dates or time period on or within which the work is to begin and be completed by the seller, a description of the principal products and materials to be used or installed and the terms and conditions affecting price, including the hourly rate for labor); (2) perform the contracted for Home Elevations after receipt of RREM Program funds, LRRP funds and/or Consumer payments; and (3) install the contracted for modular homes, or construct the new dwellings after receipt of RREM Program funds, LRRP funds and/or Consumer payments;

2

**WHEREAS** on March 15, 2016, Cowan filed a Voluntary Petition for Reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of New Jersey (Newark), Case No. 16-14758-SLM, which was subsequently converted to a Chapter 7 ("Cowan Bankruptcy Case");

**WHEREAS** on June 20, 2016, Plaintiffs commenced this Action to determine that the civil penalties, attorneys' fees and costs, which might be payable by Cowan, are nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and (7), and on July 20, 2016, Plaintiffs filed an Amended Adversary Complaint adding allegations concerning additional affected Consumers;

**WHEREAS** Plaintiffs and Cowan (collectively, "Parties") consent to the entry of this Consent Judgment and its provisions without trial or adjudication of any issue of fact or law, and without an admission of any liability or wrongdoing of any kind; and

**WHEREAS** the Court has reviewed the terms of this Consent Judgment and based upon the Parties' agreement and for good cause shown:

**IT IS HEREBY ORDERED, ADJUDGED AND AGREED AS FOLLOWS:**

### 1. JURISDICTION

1.1    The Parties admit jurisdiction of this Court over the subject matter and over the Parties for the purpose of entering into this Consent Judgment. The Court retains jurisdiction for the purpose of enabling the Parties to apply to the Court at any time for such further orders and relief as may be necessary for the construction, modification, enforcement, execution or satisfaction of this Consent Judgment.

### 2. EFFECTIVE DATE

2.1    This Consent Judgment shall be effective on the date that it is filed with the Court

("Effective Date").

### 3. APPROVAL OF THE STATE ACTION SETTLEMENT

3.1    After the Effective Date, Plaintiffs and Cowan shall settle the State Action as to Cowan through the execution and filing of a Final Consent Judgment ("State Consent Judgment," attached as Exhibit A). The Court has reviewed the terms of the State Consent Judgment, which are substantially similar to the terms of this Consent Judgment, and hereby approves the State Consent Judgment.

### 4. DEFINITIONS

As used in this Consent Judgment, the following capitalized words or terms shall have the following meanings, which meanings shall apply wherever the words and terms appear in this Consent Judgment:

4.1    "Action" refers to the action entitled <u>Gurbir S. Grewal, Attorney General of the State of New Jersey et al. v. Scott Cowan</u>, United Stated Bankruptcy Court, District of New Jersey, Vicinage of Newark, Case No. 16-14758-SLM, Adv. Pro. No. 16-01527-SLM, and all pleadings and proceedings related thereto, Including the Amended Adversary Complaint to Determine Dischargeability of Debt, filed on July 20, 2016.

4.2    "Advertisement" shall be defined in accordance with <u>N.J.S.A.</u> 56:8-1(a) for purposes of the CFA, and <u>N.J.A.C.</u> 13:45A-9.1 for purposes of the Advertising Regulations. These definitions apply to other forms of the word "Advertisement," such as "Advertise" and "Advertised."

4.3    "Attorney General" shall refer to the Attorney General of the State of New Jersey and the Office of the Attorney General of the State of New Jersey.

4.4 "Consumer[s]" means any Person to whom Defendants Advertised and/or offered Merchandise for Sale.

4.5 "Contractor" shall be defined in accordance with N.J.S.A. 56:8-137, for purposes of the Contractors' Registration Act.

4.6 "DCA" means the New Jersey Department of Community Affairs.

4.7 "Division" means the New Jersey Division of Consumer Affairs.

4.8 "Home Elevation" shall be defined in accordance with N.J.S.A. 56:8-137, for purposes of the Contractors' Registration Act, and N.J.A.C. 13:45A-17A.2, for purposes of the Home Elevation Regulations.

4.9 "Home Elevation Contractor" shall be defined in accordance with N.J.S.A. 56:8-137, for purposes of the Contractors' Registration Act, and N.J.A.C. 13:45A-17A.2, for purposes of the Home Elevation Regulations.

4.10 "Home Elevation Contract[s]" shall be defined in accordance with N.J.A.C. 13:45A-17A.2, for purposes of the Home Elevation Regulations.

4.11 "Home Improvement[s]" shall be defined in accordance with N.J.S.A. 56:8-137, for purposes of the Contractors' Registration Act and Includes Home Elevations, and N.J.A.C. 13:45A-16.1A, for purposes of the Home Improvement Regulations.

4.12 "Home Improvement Contractor" shall be defined in accordance with N.J.S.A. 56:8-137, for purposes of the Contractors' Registration Act.

4.13 "Home Improvement Contract[s]" shall be defined in accordance with N.J.S.A. 56:8-137, for purposes of the Contractors' Registration Act and Includes contracts for Home Elevations, and N.J.A.C. 13:45A-16.1A, for purposes of the Home Improvement Regulations.

4.14    "Include" and "Including" shall be construed as broadly as possible and shall mean "without limitation."

4.15    "LRRP" shall refer to the Landlord Rental Repair Program administered by DCA.

4.16    "Merchandise" shall be defined in accordance with N.J.S.A. 56:8-1(c) and Includes Home Improvements, Home Elevations, construction of new dwellings, and modular homes.

4.17    "New Home Builder" shall be defined in accordance with N.J.S.A. 46:3B-2.

4.18    "New Jersey" and "State" refer to the State of New Jersey.

4.19    "Person[s]" shall be defined in accordance with N.J.S.A. 56:8-1(d).

4.20    "Price Home Group Website" shall refer to the website located at www.pricehomegroup.com.

4.21    "Represent" shall mean to state or imply through claims, statements, questions, conduct, graphics, symbols, lettering, formats, devices, language, documents, messages or any other manner or means by which meaning might be conveyed.  This definition applies to other forms of the word "Represent," such as "Representation."

4.22    "RREM Program" shall refer to the Reconstruction, Rehabilitation, Elevation and Mitigation Program administered by DCA.

4.23    "Sale" shall be defined in accordance with N.J.S.A. 56:8-1(e).

4.24    "State Action" refers to the action titled Gurbir S. Grewal, et al. v. The Price Home Group Limited Liability Company, et al., Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. OCN-C-139-16, and all pleadings and proceedings related thereto, Including the Third Amended Complaint filed on January 27, 2017.

## 5. INJUNCTIVE RELIEF AND BUSINESS PRACTICES

5.1     Cowan shall not engage in any unfair or deceptive acts or practices in the conduct of any business in New Jersey and shall comply with such State and/or federal laws, rules and regulations as now constituted or as may hereafter be amended, Including the CFA, the Contractors' Registration Act, the Home Elevation Regulations, the Home Improvement Regulations, and the Advertising Regulations.

5.2     Cowan is permanently enjoined from Advertising, offering for Sale, selling and/or performing Home Improvements in New Jersey, as authorized by the CFA, N.J.S.A. 56:8-8. Nothing contained herein shall prohibit Cowan from performing Home Improvements or renovations to any property in which Cowan has an ownership interest.

5.3     Cowan is permanently enjoined from Advertising, offering for Sale, selling and/or performing Home Elevations in New Jersey, as authorized by the CFA, N.J.S.A. 56:8-8.

5.4     Cowan is permanently enjoined from Advertising, offering for Sale, selling and/or constructing new dwellings in New Jersey and/or otherwise acting as a New Home Builder, as authorized by the CFA, N.J.S.A. 56:8-8.  Nothing contained herein shall prohibit Cowan from operating as a licensed real estate broker or salesperson in accordance with the New Jersey Real Estate Commission and all applicable statutes and regulations.

5.5     Cowan is permanently enjoined from Advertising, offering for Sale and/or selling modular homes in New Jersey, as authorized by the CFA, N.J.S.A. 56:8-8.

5.6     On or before the Effective Date, Cowan shall arrange for the shutdown of the Price Home Group Website.

5.7    Cowan shall not enter into Home Improvement Contracts and/or Home Elevation Contracts, accept Consumer payments, RREM Program funds and/or LRRP funds, and then fail to begin or complete the contracted-for work, as required by the CFA, N.J.S.A. 56:8-2.

5.8    Cowan shall not enter into a contract for construction of new dwellings and/or installation of modular homes, accept Consumer payments, RREM Program funds and/or LRRP funds, and then fail to begin or complete the contracted for work, as required by the CFA, N.J.S.A. 56:8-2.

5.9    Cowan shall not commence Home Improvements, Home Elevations, construction of new dwellings and/or installation of modular homes, only to abandon the project and fail to return to the Consumer's home for weeks, months or at all, as required by the CFA, N.J.S.A. 56:8-2.

5.10    Cowan shall not fail to provide timely written notice for any delay in the performance of Home Improvements, Home Elevations, construction of new dwellings, and/or modular home installation, as required by the CFA, N.J.S.A. 56:8-2.

5.11    Cowan shall not fail to respond to Consumers' calls, e-mails and/or texts inquiring when he will commence, continue and/or complete Home Improvements, Home Elevations, construction of new dwellings and/or modular home installation, as required by the CFA, N.J.S.A. 56:8-2.

5.12    Cowan shall not Represent that necessary building permits have been applied for, if such is not the case, as required by the CFA, N.J.S.A. 56:8-2.

5.13   Cowan shall not fail to include in Home Improvement Contracts and Home Elevation Contracts all of the terms and conditions affecting price, as required by the Contractors' Registration Act, N.J.S.A. 56:8-151(a).

5.14   Cowan shall not fail to obtain necessary building permits, as required by the Home Improvement Regulations, N.J.A.C. 13:45A-16.2(10)(i).

5.15   Cowan shall not fail to include in Home Improvement Contracts and Home Elevation Contracts the principal products and materials to be used or installed, as required by the Home Improvement Regulations, N.J.A.C. 13:45A-16.2(12)(ii).

5.16   Cowan shall not fail to include in Home Improvement Contracts and Home Elevation Contracts the cost of labor, as required by the Home Improvement Regulations, N.J.A.C. 13:45A-16.2(12)(iii).

5.17   Cowan shall not fail to include in Home Improvement Contracts and Home Elevation Contracts the dates or time period within which the Home Improvement is to begin and be completed, as required by the Home Improvement Regulations, N.J.A.C. 13:45A-16.2(12)(iv).

5.18   Whether through Price Home Group or otherwise, Cowan shall not make false or misleading Representations of fact, Including that he "insures that any project that [he] accepts [] needs to be 100% completed by the promised date," and/or that "[a] job that is 95% finished by the promised date, is a project that we failed and would be totally unacceptable," as required by the Advertising Regulations, N.J.A.C. 13:45A-9.2(a)(9).

## 6. SETTLEMENT AMOUNT

6.1   The Parties have agreed to a settlement of this Action in the amount of Four

Hundred Fifty-Three Thousand and 00/100 Dollars ($453,000.00) ("Settlement Amount").

    6.2    The Settlement Amount comprises Four Hundred Thirty-Three Thousand and 00/100 Dollars ($433,000.00) in civil penalties pursuant to N.J.S.A. 56:8-13, and Twenty Thousand and 00/100 Dollars ($20,000.00) in Consumer restitution pursuant to N.J.S.A. 56:8-8.

    6.3    The Parties agree that the civil penalties are payable to and for the benefit of the State and are not compensation for actual pecuniary loss. Cowan acknowledges that the civil penalties are a nondischargeable debt under 11 U.S.C. §523(a)(7).

    6.4    Cowan shall pay Twenty Thousand and 00/100 Dollars ($20,000.00) ("Settlement Payment") in Consumer restitution as follows:

    a.    Six Thousand Six Hundred Sixty Six and 67/100 Dollars ($6,666.67) on or before the Effective Date;

    b.    Six Thousand Six Hundred Sixty Six and 67/100 Dollars ($6,666.67) within forty-five (45) days from the Effective Date; and

    c.    Six Thousand Six Hundred Sixty Six and 66/100 Dollars ($6,666.66) within ninety (90) days from the Effective Date.

    6.5    Based on Cowan's agreement to the permanent injunctive relief set forth in Section 5, as well as his Representations regarding his current financial condition as set forth in documents filed in the Cowan Bankruptcy Case, Plaintiffs agree to suspend the Four Hundred Thirty-Three Thousand and 00/100 Dollars ($433,000.00) balance of the Settlement Amount, which comprises civil penalties ("Suspended Penalty"), subject to the conditions set forth in Section 6.9.

    6.6    Beginning on May 15, 2018 and continuing each year until May 15, 2022, Cowan shall provide the Plaintiffs with copies of his complete federal and state income tax returns (i.e., Form 1040) and all accompanying schedules and forms, as well as IRS Form 4506 Request for

Copy of Tax Return ("Form 4506").  If Cowan's total income, as defined on Form 1040, is Thirty Thousand and 00/100 Dollars ($30,000.00) or more, he shall pay to the Plaintiffs, in a lump sum, ten percent (10%) of all total income above Thirty Thousand and 00/100 Dollars ($30,000.00).  Payment shall be made to the Plaintiffs on or before June 15th of each year between 2018 and 2022.  Payments made by Cowan pursuant to this Section shall be credited toward the Suspended Penalty.

6.7     Any payment(s) required under Sections 6.4 and/or 6.6, shall be paid by certified check, cashier's check, money order, credit card or wire transfer payable to the "New Jersey Division of Consumer Affairs" and forwarded to:

> Case Initiation and Tracking Unit
> New Jersey Department of Law and Public Safety
> Division of Consumer Affairs
> 124 Halsey Street
> P.O. Box 45025
> Newark, New Jersey 07101
> Attention:  Van Mallett, Lead Investigator

6.8     Upon making any payment under Sections 6.4 and/or 6.6, Cowan shall immediately be fully divested of any interest in, or ownership of, the monies paid and all interest in the monies, and any subsequent interest or income derived therefrom, shall inure entirely to the benefit of the Plaintiffs pursuant to the terms herein.

6.9     Five (5) years from the Effective Date, the Suspended Penalty (minus any payments made pursuant to Section 6.6) shall be automatically vacated at the end of that period, provided:

> a.     Cowan complies in all respects with the provisions of Section 5 of this Consent Judgment;

      b.    Cowan makes the Settlement Payment in the manner required by Section 6.4;

      c.    Cowan did not intentionally or otherwise knowingly fail to disclose any material asset or source of income, materially misrepresent the value of any asset or source of income, or make any other material misrepresentation in, or omission from, his complete federal and state income tax returns, and documents filed in the Cowan Bankruptcy Case; and

      d.    Cowan provides the federal and state income tax information, Form 4506 and makes any required payments in accordance with Section 6.6.

6.10    In the event Cowan fails to comply with Section 6.9, Plaintiffs shall provide Cowan with written notice of default or noncompliance ("Notice of Noncompliance"), seeking payment of any unpaid portion of the Settlement Amount. In any such Notice of Noncompliance, Plaintiffs shall provide Cowan with the specific details of the alleged default or noncompliance, as well as any supporting documents, and shall afford Cowan a fifteen (15) day period from receipt of the Notice of Noncompliance within which to cure the default or noncompliance ("Cure Period").

6.11    In the event of Cowan's failure to cure any such default or noncompliance within the Cure Period, Cowan consents to the entry of a judgment for any unpaid portion of the Settlement Amount. Upon entry by the Court of any such judgment, Plaintiffs shall then arrange for entry of such judgment as a statewide lien in New Jersey and elsewhere, as appropriate.

## 7. DISMISSAL OF ACTION

7.1    The entry of this Consent Judgment constitutes a dismissal with prejudice of the Action.

## 8. <u>GENERAL PROVISIONS</u>

8.1     This Consent Judgment is entered into by the Parties as their own free and voluntary act and with full knowledge and understanding of obligations and duties imposed by this Consent Judgment.

8.2     This Consent Judgment shall be governed by, and construed and enforced in accordance with, the laws of the State.

8.3     The Parties have negotiated, jointly drafted and fully reviewed the terms of this Consent Judgment and the rule that uncertainty or ambiguity is to be construed against the drafter shall not apply to the construction or interpretation of this Consent Judgment.

8.4     This Consent Judgment contains the entire agreement between the Parties.  Except as otherwise provided herein, this Consent Judgment shall be modified only by a written instrument signed by or on behalf of Plaintiffs and Cowan.

8.5     Except as otherwise explicitly provided in this Consent Judgment, nothing in this Consent Judgment shall be construed to limit the authority of the Attorney General to protect the interests of the State or the people of the State.

8.6     If any portion of this Consent Judgment is held invalid or unenforceable by operation of law, the remaining terms of this Consent Judgment shall not be affected.

8.7     This Consent Judgment shall be binding upon the Parties and their successors in interest.  In no event shall assignment of any right, power or authority under this Consent Judgment be used to avoid compliance with this Consent Judgment.

8.8     This Consent Judgment is agreed to by the Parties and entered into for settlement purposes only.  Neither the fact of, nor any provision contained in this Consent Judgment nor any

action taken hereunder shall constitute, or be construed as: (a) an approval, sanction or authorization by the Attorney General, the Division or any other governmental unit of the State of any act or practice of Cowan; and (b) an admission by Cowan that any of the acts or practices described in or prohibited by this Consent Judgment are unfair or deceptive or violate the CFA, the Contractors' Registration Act, the Home Elevation Regulations, the Home Improvement Regulations, and/or the Advertising Regulations. This Consent Judgment is not intended, and shall not be deemed, to constitute evidence or precedent of any kind except in: (a) any action or proceeding by one of the Parties to enforce, rescind or otherwise implement or affirm any or all of the terms of this Consent Judgment; or (b) any action or proceeding involving a Released Claim (as defined in Section 9) to support a defense of res judicata, collateral estoppel, release or other theory of claim preclusion, issue preclusion or similar defense.

8.9    Nothing contained in this Consent Judgment shall be construed to limit or otherwise affect the rights of any Persons who are not Parties to this Consent Judgment with respect to any of the matters contained herein.

8.10    Unless otherwise prohibited by law, any signatures by the Parties required for entry of this Consent Judgment may be executed in counterparts, each of which shall be deemed an original, but all of which shall together be one and the same Consent Judgment.

8.11    The Parties Represent and warrant that an authorized representative of each has signed this Consent Judgment with full knowledge, understanding and acceptance of its terms and that the representative has done so with authority to legally bind the respective Party.

## 9. RELEASE

9.1    In consideration of the injunctive relief, payment, undertakings, mutual promises

and obligations provided for in this Consent Judgment and conditioned on Cowan making the Settlement Payment in accordance with Section 6.4 and any other payments required under Section 6.6, the Plaintiffs hereby agree to release Cowan from any and all civil claims or Consumer related administrative claims, to the extent permitted by State law, which the Plaintiffs could have brought prior to the Effective Date against Cowan for violations of the CFA, the Contractors' Registration Act, the Home Elevation Regulations, the Home Improvement Regulations, and/or the Advertising Regulations as alleged in the Action, as well as the matters specifically addressed in Section 5 of this Consent Judgment ("Released Claims").

9.2    Notwithstanding any term of this Consent Judgment, the following do not comprise Released Claims: (a) private rights of action, provided, however, that nothing herein shall prevent Cowan from raising the defense of a set-off against a Consumer who has received restitution; (b) actions to enforce this Consent Judgment; and (c) any claims against Cowan by any other agency or subdivision of the State.

### 10. FOREBEARANCE ON EXECUTION AND DEFAULT

10.1    Cowan agrees to pay all reasonable attorneys' fees and costs, Including court costs, associated with any successful collection or enforcement efforts by the Plaintiffs concerning his conduct after the Effective Date pursuant to this Consent Judgment.

10.2    On the Effective Date and for a period of five (5) years thereafter, Cowan shall provide the Plaintiffs with a list containing his current addresses (street and mailing), telephone numbers, facsimile numbers and e-mail addresses to be used by the Plaintiffs for service of process in the event of default. Within five (5) days of relocating to a new address or obtaining a new telephone number, facsimile number, or e-mail address, Cowan shall provide such

information, in writing, to the Plaintiffs.  In the event of the default by Cowan under Sections 5 or 6 of this Consent Judgment, service upon Cowan shall be effective upon mailing a notice via First Class Mail accompanied by a confirmed receipt facsimile transmission or by an e-mail sent to the most current address, facsimile number and/or e-mail address provided by Cowan. Alternatively, Plaintiffs may effect service in the manner provided under Section 13.1.

## 11. PENALTIES FOR FAILURE TO COMPLY

11.1    The Attorney General (or designated representative) shall have the authority to enforce the provisions of this Consent Judgment or to seek sanctions for violations hereof or both.

11.2    The Parties agree that any future violations of the provisions of Section 5 of this Consent Judgment, the CFA, the Contractors' Registration Act, the Home Elevation Regulations, the Home Improvement Regulations and/or the Advertising Regulations shall constitute a second or succeeding violation under N.J.S.A. 56:8-13, and that Cowan may be liable for enhanced civil penalties.

## 12. COMPLIANCE WITH ALL LAWS

12.1    Except as provided in this Consent Judgment, no provision herein shall be construed as:

- a. Relieving Cowan of his obligation to comply with all State and federal laws, regulations or rules, as now constituted or as may hereafter be amended, or as granting permission to engage in any acts or practices prohibited by any such laws, regulations or rules; or

- b. Limiting or expanding any right the Plaintiffs may otherwise have to obtain information, documents or testimony from Cowan pursuant to any State or federal law, regulation or rule, as now constituted or as may hereafter be amended, or limiting or expanding any right Cowan may otherwise have pursuant to any State or federal law, regulation or rule, to

16

oppose any process employed by the Plaintiffs to obtain such information, documents or testimony.

### 13. **NOTICES UNDER THIS CONSENT JUDGMENT**

13.1 Except as otherwise provided herein, any notices or other documents required to be sent to the Parties pursuant to this Consent Judgment shall be sent by United States mail, Certified Mail Return Receipt Requested, or other nationally recognized courier service that provides tracking services and identification of the Person signing for the documents. The notices and/or documents shall be sent to the following addresses:

For the Plaintiffs:

> Russell M. Smith, Jr., Deputy Attorney General
> Consumer Fraud Prosecution Section
> State of New Jersey
> Office of the Attorney General
> Department of Law and Public Safety
> Division of Law
> 124 Halsey Street - 5th Floor
> P.O. Box 45029
> Newark, New Jersey 07101

For the Defendant:

> David Stevens, Esq.
> Scura, Wigfield, Heyer & Stevens, LLP
> 1599 Hamburg Turnpike
> Wayne, New Jersey 07470

~~**IT IS ON THE _____ DAY OF _____ 2018, SO ORDERED, ADJUDGED AND DECREED.**~~

~~HON. STACEY L. MEISEL~~

**JOINTLY APPROVED AND
SUBMITTED FOR ENTRY:**

FOR THE PLAINTIFFS:

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: _____/s/ R. Smith_____     Dated: ___5/16___, 2018
    Russell M. Smith, Jr.
    Deputy Attorney General
    Consumer Fraud Prosecution Section
    124 Halsey Street - 5th Floor
    P.O. Box 45029
    Newark, New Jersey 07101

FOR THE DEFENDANT:

SCURA, WIGFIELD, HEYER & STEVENS, LLP

By: _____     Dated: _____, 2018
    David Stevens, Esq.
    1599 Hamburg Turnpike
    Wayne, New Jersey 07470

SCOTT COWAN

By: _____     Dated: _____, 2018
    Scott Cowan
    35 Prescott Street
    Demarest, New Jersey 07627

**JOINTLY APPROVED AND
SUBMITTED FOR ENTRY:**

FOR THE PLAINTIFFS:

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:_____          Dated:_____, 2018
    Russell M. Smith, Jr.
    Deputy Attorney General
    Consumer Fraud Prosecution Section
    124 Halsey Street - 5th Floor
    P.O. Box 45029
    Newark, New Jersey 07101

FOR THE DEFENDANT:

SCURA, WIGFIELD, HEYER & STEVENS, LLP

By: _/s/_____          Dated: _MAY 16_____, 2018
    David Stevens, Esq.
    1599 Hamburg Turnpike
    Wayne, New Jersey 07470
    MARK MATRI, ESQ.

SCOTT COWAN

By: _/s/_____          Dated: _4/21/18_____, 2018
    Scott Cowan
    35 Prescott Street
    Demarest, New Jersey 07627